UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL TRAVIS BRANDON,    )
    )
        Petitioner,    )
    )
v.    )    Nos. 2:20-CV-145; 2:10-CR-010
    )
UNITED STATES OF AMERICA,    )
    )
        Respondent.    )

**MEMORANDUM OPINION**

Petitioner Michael Travis Brandon has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion, and Petitioner has submitted a *pro se* reply. [Docs. 10, 11]. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claim asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

---

[1] All docket references are to Case No. 2:20-CV-145 unless otherwise noted.

*Background*

In May 2011, Petitioner pled guilty to Count Five of the Superseding Indictment, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Of note, all five counts of the Superseding Indictment charged Petitioner with "knowingly" possessing a firearm. [Case No. 2:10-CR-010, doc. 54].

As part of his plea agreement, Petitioner agreed that one of the elements of the charged offense was that he "knowingly possessed the firearm." [*Id.*, doc. 63, p. 2]. He further agreed and stipulated to facts "which satisfy the offense elements." [*Id.*]. Specifically, Petitioner admitted possessing a pistol. [*Id.*, p. 3].

At his change of plea hearing, Petitioner affirmed that his attorney had advised him of every element of the charged offense that the government would be required to prove beyond a reasonable doubt. [*Id.*, doc. 90, p. 6]. Petitioner also acknowledged that his attorney had explained the terms of his plea agreement to him and that he had fully explained any defenses that Petitioner might have. [*Id.*].

The Court found that Petitioner understood the terms of his plea agreement and the nature of the charge to which the plea was offered, and that he was pleading guilty knowingly and voluntarily. [*Id.*, p. 15]. After the prosecution summarized the agreed-upon factual basis and the elements of the crime to which Petitioner was pleading guilty (including *knowing* possession of a firearm), Petitioner affirmed that he agreed with the government's summary of his conduct and that he was pleading guilty because he was in

fact guilty. [*Id.*, p. 9-11]. Based on its observations of Petitioner and his responsiveness to the questions asked, the Court found Petitioner to be in full possession of his faculties and competent to enter a plea. [*Id.*, p. 15]. At the conclusion of the hearing, the undersigned asked Petitioner if he had any questions. [*Id.*, p. 16]. Petitioner answered, "No, sir." [*Id.*, p. 17].

In April 2012, the Court imposed a sentence of 120 months' imprisonment. [*Id.*, doc. 83]. Petitioner timely filed a notice of appeal, challenging his sentence but not his conviction. [*Id.*, doc. 84]. In September 2013, the Sixth Circuit affirmed the sentence imposed by this Court. [*Id.*, doc. 92]. Petitioner submitted his *pro se* § 2255 motion to vacate on July 8, 2020.

## II.

### *Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner

3

"must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

III.

*Discussion*

Petitioner's motion presents a single claim. He alleges that his sentence must be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

The United States argues that Petitioner's claim is untimely, waived, and procedurally defaulted. The Court need not address those points because, in any event and as further argued by the United States, Petitioner's claim fails on its merits.

In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) the Government must prove both that the accused knew he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing said weapon. *Rehaif*, 139 S. Ct. at 2200. Petitioner claims that "[t]he Indictment did not charge the

4

element 'knowingly' with respect to the charged constructive possessions so Petitioner was never put on notice that he could mount a defense to the element." [Doc. 1, p. 2]. Petitioner seeks a new trial so that he "can show to a jury he did not 'knowingly' possess the charged guns." [*Id.*, p. 3]. In his reply brief, Petitioner further claims that he "was deprived of notice of the element 'knowingly' as a viable defense to the purported firearms possessions . . . when he was served with the indictment lacking that element." [Doc. 11, p. 1]. Therein, Petitioner also disavows any claim that he did not "know" his status as a convicted felon at the time of the charged firearm possession. [*Id.*].

Petitioner's claim utterly flies in the face of the record in his criminal case. As noted, the Superseding Indictment (and the original Indictment as well) *did* expressly charge Petitioner with "knowingly" possessing a firearm. Further, Petitioner signed a plea agreement acknowledging that element and he stipulated to facts "which satisfy the offense elements."

Further, at his change of plea hearing, Petitioner affirmed that his attorney had advised him of every element of the charged offense. He acknowledged that his attorney had explained the terms of his plea agreement to him and that he had fully explained any defenses that Petitioner might have. In court and in the presence of the undersigned, the United States summarized the agreed-upon factual basis and the elements of the crime Petitioner was pleading guilty to (including *knowing* possession of a firearm). Under oath, Petitioner affirmed that he agreed with the government's summary of his conduct and that he was pleading guilty because he was in fact guilty.

5

As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In light of the record summarized above, the instant Petitioner's claim that he never knew the government was required to prove "knowing" possession of a firearm is "wholly incredible," directly contradicted by the record, and will be summarily dismissed.

Further *Rehaif* provides no remedy for Petitioner because it merely "clarified" the felon-in-possession statute rather than announcing a new rule of constitutional law that is retroactive on collateral review. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the Sixth Circuit held that "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id.*; *see also In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* ... did not announce a 'new rule of constitutional law' ...."). District courts within the Sixth Circuit have likewise rejected "actual innocence" claims based on *Rehaif*. *See Moore v. United States*, No. 2:19-cv-02572, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *Wallace v. United States*, 458 F. Supp. 3d 830, 834 (M.D. Tenn. 2020) (same); *see also Abernathy v. United States*, No. 1:19-CV-2, 2019 WL 5268546, at *5, n.3 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding, however, is not retroactively applicable to cases on

collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion.").

## IV.

### Conclusion

For the reasons discussed in this memorandum opinion, Petitioner's § 2255 motion to vacate [Doc. 1; Case No. 2:10-CR-010, doc. 105] is **DENIED** and **DISMISSED**.

## V.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of that claim was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

7

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:


_____
      s/ Leon Jordan
United States District Judge